UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EVELYN RAMIREZ,

NOT FOR PUBLICATION

          Plaintiff,

   -against-

MEMORANDUM AND ORDER

THE STATE OF NEW YORK,
NEW YORK CITY, & JOSEPH LORE,

06-CV-3517 (JG)

          Defendants.
------------------------------------------------------------X
EVELYN RAMIREZ,

          Plaintiff,

   -against-

06-CV-3564 (JG)

BENDIX CORPORATION, E.56th St/E.57th St.,

          Defendant.
------------------------------------------------------------X

JOHN GLEESON, United States District Judge:

      Plaintiff Evelyn Ramirez brings these two *pro se* actions, which are consolidated by the Court solely for the purpose of this Order. Plaintiff's requests to proceed *in forma pauperis* are granted for purposes of this Order. For the reasons set forth below, the actions are dismissed as frivolous.

## BACKGROUND

      On July 13, 2006, Plaintiff commenced the first action, against the State of New York, the City of New York, and her landlord, Joseph Lore, by filing a handwritten complaint and attaching a copy of a "30-Day Notice Terminating Tenancy." Her claims against Defendant Lore include allegations that he entered her apartment without permission, removed her possessions, allowed strangers to enter the building "at all hours while on cell phones" (July 13, 2006 Complaint ("Compl.") at 2), raised her rent without giving her a lease (Compl. at 6), and

failed to make accommodations for elderly or disabled persons (Compl. at 7). Additionally, she alleges that her apartment glowed in the middle of the night and had "gas leakage with strong carbon monoxide smells," and that her "pets were removed and surely killed." (Compl. at 5.)

Plaintiff mixes these claims together with numerous, but nearly incomprehensible allegations against various New York City agencies, apparently related to the theft of her federal filed cases (Compl. at 3), accommodations for disabled or elderly persons (Compl. at 4), improper medical treatment at the mental ward at Woodhull Hospital and other locations (Id.), an arrest that contributed to an injury to her spine (Id.), a fall from a pothole in 2005 (Id.), and tampering with her school records (Compl. at 6).

Plaintiff makes several confusing references to numerous cases allegedly filed in the United States District Court for the Southern District of New York "based to stop a genocidal design for servitude to the state an indenture" [sic]. (Compl. at 3; *see also* Compl. at 6, 8.) This Court can find only one of these cases, apparently filed under an alias, *Traupman v. Doe*, Docket No. 06-CV-00186-MBM (S.D.N.Y.). (*See* Compl. at 8.) The only relief Plaintiff seeks in this Complaint is a request for "money and hardship money awards." (Compl. at 7.)

On July 14, 2006, Plaintiff filed a second handwritten complaint against "Bendix Corp., E.56St/E. 57St. NYC" and attached a copy of Rule 8 of the Federal Rules of Civil Procedure. The Complaint does not follow the dictates of Rule 8, however, as it does not include "a short and plain statement of the grounds upon which the court's jurisdiction depends." F.R.Civ.P. 8(a)(1). Indeed, the Court can discern no specific allegations against any individuals, corporations, or agencies. Plaintiff does name "Bendix Corp.," "the FBI or other agency?," and "Honeywell," amidst references to deceased and missing relatives in Staten Island and "the island of P.R." She requests a money damage award of "$1B–." (July 14, 2006 Complaint.)

## DISCUSSION

Title 28, section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As should be readily apparent from a casual reading of the complaints, the claims in this case "rise to the level of the irrational or the wholly incredible." *Id.* This Court, cognizant that *pro se* complaints must be read liberally, *see McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), and that leave to amend such complaints must be granted if a liberal reading of the complaint "gives any indication that a valid claim might be stated," *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999), has considered affording plaintiff an opportunity to amend the complaint, *see Foman v. Davis*, 371 U.S. 178, 182 (1962). However, because the deficiencies in the complaint are not such that could be cured by amendment, this Court concludes that it would be futile to grant leave to amend the complaint. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002).

To the extent that this Court can discern the basis of any of Plaintiff's allegations, this Court does not have subject matter jurisdiction over these claims. Federal subject matter

jurisdiction is available only when a "federal question" is presented, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000. To invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

None of Plaintiff's allegations against her landlord or Bendix Corp. "draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1995). Plaintiff asserts that she and Defendants Lore and Bendix Corp. are all residents of the State of New York, so there can be no diversity jurisdiction which might allow this Court to consider any potential violations of state law or other sources of liability.

Plaintiff fails to state a claim against either the State of New York or the City of New York. Even if her allegations against the City could be construed as civil rights claims cognizable under 42 U.S.C. § 1983, nothing in her complaint suggests that a municipal policy or custom caused the deprivation of her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). Any claims against the State of New York are dismissed because the State is immune from suit under the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment bars suit against a state or state agencies absent the state's consent). Accordingly, there does not appear to be any basis for suing either the State of New York or the City of New York.

## CONCLUSION

For the reasons set forth above, these complaints, filed *in forma pauperis*, must be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.

So ordered.

s/John Gleeson
John Gleeson, U.S.D.J.

Dated: August 3, 2006
Brooklyn, New York